# **Exhibit 5**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NATALIE CAMPAGNA, GLORIA DEVAULT, AMANDA FARMER, PHILIP PAGLIARO, and YAAKOV ROZINER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>TD BANK, N.A.,<br><br>    Defendant. | Civil Action No. 1:20-cv-18533-RMB-SAK |

**DEFENDANT'S RESPONSES TO PLAINTIFFS'**
**FIRST INTERROGATORIES TO DEFENDANT TD BANK, N.A.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.1, Defendant TD Bank, N.A. ("TD Bank") hereby sets forth its responses and objections (the "Responses and Objections") to Plaintiffs' First Interrogatories to Defendant TD Bank, N.A. ("Interrogatories"), including the definitions and instructions therein.

TD Bank's Responses are based solely on facts reasonably known to TD Bank at the time they are made. TD Bank reserves the right to supplement, amend, or otherwise modify these Responses and Objections. TD Bank also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from the Responses and Objections as a result of mistake, error, oversight, or inadvertence. Nothing in these Responses and Objections should be construed as waiving any rights or obligations that otherwise might be available to TD Bank, nor should TD Bank's answering of any Interrogatory be deemed an admission of the existence, relevance, authenticity, or admissibility in evidence of the information requested or these Responses.

1

TD Bank is prepared to meet and confer with Plaintiffs concerning its Responses to these Interrogatories.

## GENERAL OBJECTIONS

1. TD Bank objects to the Interrogatories to the extent they purport to require the provision of information that is protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the bank examination privilege, the confidential supervisory privilege, and/or any other applicable privilege, immunity or protection, or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of such a specific objection shall not be interpreted as evidence that TD Bank does not object to an Interrogatory on the basis of an applicable privilege, immunity, or protection. TD Bank will not provide any information or produce any documents that are privileged or otherwise protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the bank examination privilege, the confidential supervisory privilege, and/or other applicable privilege or immunity, or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation, and will redact any such information that is included in documents produced in response to these Interrogatories.

## INSTRUCTIONS

1. TD Bank objects to the Instructions to the extent they purport to broaden the obligations required by, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, or any other applicable rule or law.

2. TD Bank objects to Instruction No. 5 as overly broad and unduly burdensome, and not relevant to any party's claim or defense to the extent it purports to require TD Bank to supplement its Responses until the time of hearing or trial in this action. TD Bank also objects to

Instruction No. 5 to the extent it calls for documents not within its possession, custody, or control as courts have construed those terms pursuant to Federal Rule of Civil Procedure 34(a). TD Bank will supplement its Responses based on information or documents that are within its possession, custody, or control (as courts have construed those terms pursuant to Federal Rule of Civil Procedure 34(a)) and of which it becomes aware between the time it serves these Responses and Objections and the close of factual discovery in this case.

3. TD Bank objects to Instruction No. 6 as overly broad and unduly burdensome to the extent it purports to impose on TD Bank an obligation to provide information on a privilege log that exceeds its obligations under Federal Rule of Civil Procedure 26(b)(5)(A) and the terms set forth in the Stipulated Order Regarding Discovery of Electronically Stored Information (the "ESI Protocol"), Dkt. 44. In responding to the Interrogatories, TD Bank will provide information on a privilege log pursuant to the terms set forth in the ESI Protocol.

## TIME FRAME OF INTERROGATORIES

1. TD Bank objects to the Time Frame of Interrogatories as overly broad and unduly burdensome to the extent it calls for the identification of information or production of documents from January 1, 2010 to the present. In responding to the Interrogatories, TD Bank will construe the Relevant Time Period to be the time period from May 1, 2015 to the present (the "Relevant Time Period"), as May 2015 is the month during which TD Bank introduced an automated review process to review TD Cash Secured Card holders' eligibility for graduation to an unsecured credit card.

## DEFINITIONS

1. TD Bank objects to the definitions of "You," "Your," and/or "Defendant" as overly broad and unduly burdensome, including to the extent that they purport to include its

3

"former officers, directors, employees, attorneys, agents, and representatives," and to the extent it purports to include "any affiliated entities, including but not limited to any non-profit entities devoted in whole or in part to financial education or financial literacy of bank customers." TD Bank also objects to the definitions of "You," Your," and/or "Defendant" as vague and ambiguous, in particular to the extent the terms "non-profit entities devoted in whole or in part to financial education or financial literacy of bank customers" are not defined. TD Bank further objects to the definitions of "You," "Your," and/or "Defendant" to the extent they call for the identification of information or production of documents not in the possession, custody, or control of TD Bank. In responding to the Interrogatories, TD Bank will consider "You," "Your," and/or "Defendant" to mean TD Bank.

2. TD Bank objects to the definition of "Documents" as overly broad and unduly burdensome. In responding to the Interrogatories, TD Bank will consider "Documents" to mean any Communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

3. TD Bank objects to the definition of "Communication" as overly broad and unduly burdensome, including to the extent it purports to include "any oral utterance made, heard, or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning." In responding to the Interrogatories, TD Bank will consider "Communication" to mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. TD Bank objects to the definition of "Identify," when referring to a person or entity, as overly broad and unduly burdensome, including to the extent it purports to include

4

giving the person or entity's telephone number. TD Bank also objects to the definition of "Identify," when referring to a person or entity, to the extent it seeks information not within TD Bank's possession. In responding to the Interrogatories, TD Bank will consider "Identify," when referring to a person or entity, to mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

5.    TD Bank objects to the definition of "Identify," when referring to a document, as overly broad and unduly burdensome, including to the extent it purports to include stating "the title of the document" and "the current custodian of the document." TD Bank also objects to the definition of "Identify," when referring to a document, to the extent it seeks information not within TD Bank's knowledge. In responding to the Interrogatories, TD Bank will consider "Identify," when referring to a document, to mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

6.    TD Bank objects to the definition of "Personal Credit Card Agreement" and "Agreement" as overly broad and unduly burdensome, including to the extent it purports to include "all versions of the written account agreement applicable to TD Cash Secured credit card customers, including any and all amendments, revisions, and/or modifications thereto, and all related documents which incorporate the Personal Credit Card Agreement or are incorporated thereby." In responding to the Interrogatories, TD Bank will consider "Personal Credit Card Agreement" and "Agreement" to mean the written Personal Credit Card Agreement between TD Bank and TD Cash Secured Card holders (including the TD CashSM Secured Important Credit Card Terms and Conditions), the Interest Rate and Fee Schedule to that Agreement, and the

5

application or solicitation materials the customer submitted to TD Bank for the TD Cash Secured Card.

7. TD Bank objects to the definition of "pertaining to," "regarding," or "reflecting" as overly broad and unduly burdensome, including to the extent it purports to mean supporting, corroborating, demonstrating, proving, refuting, disputing, rebutting, controverting, and/or contradicting. In responding to the Interrogatories, TD Bank will consider "pertaining to," "regarding," or "reflecting" to mean expressly referring to.

## INTERROGATORIES

[redacted]



**INTERROGATORY NO. 3:**

Describe each instance since January 1, 2010 in which You made the decision to not graduate TD Cash Secured Credit Card holders who maintained their accounts for seven (7) consecutive billing cycles without committing an act of default pursuant to the Agreement, by stating, for each such occurrence: the date the decision was made; the total number of accounts affected; the criteria used to make such a determination; and the identity of the person(s) who made the decision to not graduate such account holders.

**RESPONSE:**

TD Bank objects to this Interrogatory as not proportional to the needs of the case, not

7

relevant to any party's claim or defense, and outside the scope of Judge King's order limiting discovery in this case to "whether there was an automatic *review* of the [TD Cash Secured Card] account." Tr. at 9:22-23 (emphasis added); *see also id.* at 10:8-16 (noting that Judge Bumb "declined to move this case forward on … [a] promise to automatically upgrade accounts after seven months without default … so there should be no discovery in that area"). TD Bank also objects to this Interrogatory as overly broad and unduly burdensome, including to the extent it requires TD Bank to describe "each instance" in which TD Bank did not graduate a TD Cash Secured Card holder who maintained their account without default for seven months, and to state "for each occurrence: the date the decision was made" and "the criteria used to make such a determination."

Subject to and without waiving the foregoing objections, TD Bank states that, since introducing the automated review process in May 2015, TD Bank evaluates TD Cash Secured Card holders each month █████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

- ███████████████████████████████████████
- ███████████████████████████████████████
- █████████████████████████████████
- ████████████████████████████
- ███████████████████████████████████████████
- ██████████████████████████████
- ████████████████████████████████████
- ███████████████████████████████████████

8

