UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| NATALIE CAMPAGNA, GLORIA DEVAULT, AMANDA FARMER, PHILIP PAGLIARO, and YAAKOV ROZINER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | Case No. 1:20-cv-18533-KMW-SAK |

## ANSWER

TD Bank, N.A. ("TD Bank") hereby answers the Second Amended Class Action Complaint. Except as hereinafter expressly admitted, TD Bank denies each and every allegation, statement, heading, and matter contained in the Second Amended Class Action Complaint.

## INTRODUCTION

1.      TD Bank admits only that Plaintiffs purport to bring a civil action seeking monetary damages. TD Bank otherwise denies the allegations in Paragraph 1.

2.      TD Bank admits that it offers a secured credit card product, the TD Cash Secured Card, to customers who are interested in building or rebuilding their credit history.

3.      TD Bank admits only that the TD Cash Secured Card is a credit card, that the product requires the cardholder to deposit and hold money in a savings account, and that the deposit provides collateral for money loaned through the credit card. TD Bank otherwise denies the allegations in Paragraph 3.

4.      TD Bank admits that, once customers are conditionally approved for the TD Cash Secured Card, they are required to open and fund a TD Simple Savings account as their security deposit.

5.      TD Bank admits that TD Cash Secured Card customers have 15 business days from conditional approval to deposit funds into a TD Simple Savings account as collateral.

6.      TD Bank admits only that TD Cash Secured Card customers may not make withdrawals from the TD Simple Savings account while their funds are used as collateral in connection with the TD Cash Secured Card.  TD Bank otherwise denies the allegations in Paragraph 6.

7.      To the extent the allegations in Paragraph 7 purport to characterize a written document or documents, the document or documents speak for themselves.  To the extent that the allegations in Paragraph 7 are inconsistent with the document or documents, TD Bank denies those allegations.  TD Bank further objects to the allegations in Paragraph 7 to the extent they purport to advance a theory Judge Bumb already rejected as a matter of law.  *See* Dkt. 31 at 11 ("Plaintiff's argument that the Agreement calls for the automatic graduation of any account that has been maintained for seven consecutive default-free months would require the Court to 'read a promise into the contract that is not there.'").

8.      TD Bank admits that, upon graduation to an unsecured card, TD Cash Secured Card customers may access the funds they deposited as collateral.  TD Bank further admits that, upon graduation to an unsecured card, under certain conditions specified in the Personal Credit Card Agreement, TD Bank will refund a prorated amount of the annual fee, depending on the timing of the graduation in relation to the annual fee.  To the extent the remaining allegations in Paragraph 8 purport to characterize a written document or documents, the document or

documents speak for themselves.  To the extent that the allegations in Paragraph 8 are inconsistent with the document or documents, TD Bank denies those allegations.

9.      TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10.      To the extent the allegations in Paragraph 10 purport to characterize a written document or documents, the document or documents speak for themselves.  To the extent the allegations in Paragraph 10 are inconsistent with those documents or contain conclusions of law, no response is required.  To the extent the allegations in Paragraph 10 assert that no TD Cash Secured Card customers graduate after maintaining their accounts for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  TD Bank otherwise denies the allegations in Paragraph 10.

11.      To the extent the allegations in Paragraph 11 purport to characterize a written document or documents, the document or documents speak for themselves.  To the extent the allegations in Paragraph 11 are inconsistent with those documents or contain conclusions of law, no response is required.  TD Bank admits that it uses criteria, in addition to the seven-month eligibility criterion, to determine whether to graduate a TD Cash Secured Card account to an unsecured account.  TD Bank denies that the existence of these additional criteria are undisclosed; as Judge Bumb has already found, the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank denies all remaining allegations in Paragraph 11.

3

12.     To the extent the allegations in Paragraph 12 purport to characterize a written document or documents, the document or documents speak for themselves.  To the extent the allegations in Paragraph 12 state conclusions of law, no response is required.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 12, and therefore denies it.  TD Bank otherwise denies the allegations in Paragraph 12.

## PROCEDURAL HISTORY

13.     TD Bank admits that, on April 3, 2020, Plaintiff Natalie Campagna, on behalf of herself and others similarly situated, filed suit against TD Bank in the State Court of Muscogee County, Georgia.  TD Bank also admits that the cardmember agreement for the TD Cash Secured Card and Ms. Campagna's billing statements listed a P.O. Box in Columbus, Georgia as the place that customers should direct customer service inquiries and payments.  TD Bank otherwise denies the allegations in Paragraph 13.

14.     TD Bank admits that, on May 8, 2020, TD Bank removed the action filed by Ms. Campagna in the State Court of Muscogee County, Georgia to the United States District Court for the Middle District of Georgia.

15.     TD Bank admits that it moved to dismiss Ms. Campagna's Complaint in the United States District Court for the Middle District of Georgia for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

16.     TD Bank admits that, on December 4, 2020, Ms. Campagna's case in the United States District Court for the Middle District of Georgia was dismissed for lack of personal jurisdiction.

17.     TD Bank admits that, on December 8, 2020, Plaintiffs Natalie Campagna and Gloria DeVault, on behalf of themselves and others similarly situated, filed this action.

18.     TD Bank admits that, on January 19, 2021, TD Bank filed a motion to dismiss.

19.     TD Bank admits that, on January 22, 2021, Plaintiffs filed an Amended Complaint that added Amanda Farmer, Philip Pagliaro, and Yaakov Roziner as named plaintiffs, and added a claim under the Connecticut Unfair Trade Practices Act.

20.     TD Bank admits that, on February 10, 2021, TD Bank filed a supplement to its motion to dismiss.

21.     TD Bank admits that, on August 18, 2021, Judge Bumb issued a written Opinion agreeing with TD Bank that the cardmember agreement for the TD Cash Secured Card "does not promise automatic graduation after seven months without default," Dkt. 31 at 10, but finding that Plaintiffs had adequately alleged that TD Bank failed to "automatically review accounts that satisfied the threshold requirements" for graduation, as promised, *id.* at 13.  Based on that reasoning, TD Bank admits that Judge Bumb entered an Order denying TD Bank's motion to dismiss.

22.     To the extent the allegations in Paragraph 22 purport to characterize the Initial Scheduling Conference Transcript, the transcript speaks for itself.  To the extent that the allegations in Paragraph 22 are inconsistent with the transcript, TD Bank denies those allegations.

23.     To the extent the allegations in Paragraph 23 claim that TD Bank has not produced discovery materials as ordered, TD Bank denies those allegations and states that it already has provided documents through the discovery process and continues to provide discovery materials in line with the Court's orders.  TD Bank also denies that Plaintiffs would be entitled to further amend their complaint.  TD Bank otherwise denies the allegations in Paragraph 23.

24.    To the extent the allegations in Paragraph 24 state conclusions of law, no response is required.  TD Bank admits only that it uses criteria, in addition to the seven-month eligibility criterion, to determine whether to graduate a TD Cash Secured Card account to an unsecured account.  TD Bank denies that the existence of these additional criteria are undisclosed; as Judge Bumb has already found, the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank denies all remaining allegations in Paragraph 24.

25.    Paragraph 25 contains allegations that are not directed at TD Bank, and therefore TD Bank does not respond to them.

## PARTIES

26.    TD Bank admits only that Natalie Campagna has a TD Cash Secured Card.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27.    TD Bank admits only that Gloria DeVault has a TD Cash Secured Card.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies them.

28.    TD Bank admits only that Amanda Farmer had a TD Cash Secured Card.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies them.

29.    TD Bank admits only that Philip Pagliaro has a TD Cash Secured Card.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them.

30.     TD Bank admits only that Yaakov Roziner had a TD Cash Secured Card.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31.     TD Bank admits that its principal place of business is in Cherry Hill, New Jersey. TD Bank further states that it currently has approximately over 1,000 stores in the United States.

32.     TD Bank admits only that it has more than 200 stores and ATMs in New Jersey. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies them.

### JURISDICTION AND VENUE

33.     Paragraph 33 states conclusions of law to which no response is required.

34.     Paragraph 34 states conclusions of law to which no response is required.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' citizenship and therefore denies them.

35.     Paragraph 35 states conclusions of law to which no response is required.  To the extent a response is required, TD Bank does not contest venue in this action.

### COMMON FACTUAL ALLEGATIONS

36.     TD Bank admits that it offers a secured credit card product, the TD Cash Secured Card, to customers who are interested in building or rebuilding their credit history.  The first two sentences of Paragraph 36 are not directed at TD Bank, and therefore TD Bank does not respond to them.  To the extent the remaining allegations in Paragraph 36 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 36 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  TD Bank otherwise denies the allegations in Paragraph 36.

37.     To the extent the allegations in Paragraph 37 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 37 are inconsistent with the document, TD Bank denies those allegations.  To the extent the allegations in Paragraph 37 purport to argue that the TD Cash Secured Card cardmember agreement promises "graduation after seven months with no default," TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that [TD Bank] will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the standards for graduation at other banks and therefore denies them.  TD Bank otherwise denies the allegations in Paragraph 37.

38.     TD Bank admits that the Personal Credit Card Agreement, the Interest Rate and Fee Schedule, and the application or solicitation the customer submitted for the TD Cash Secured Card govern the terms of the relationship between TD Bank and holders of TD Cash Secured Cards.  The remaining allegations in Paragraph 38 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 38.

39.     To the extent the allegations in Paragraph 39 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 39 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  To the extent the allegations in Paragraph 39 claim that TD Bank has not produced discovery materials, TD Bank denies those allegations and states that TD Bank has produced several solicitations through the discovery process, and is continuing to

search for additional responsive documents.  TD Bank also denies that Plaintiffs would be entitled to further amend their complaint.  TD Bank otherwise denies the allegations in Paragraph 39.

40.     To the extent the allegations in Paragraph 40 claim that TD Bank has not produced discovery materials as ordered, TD Bank states that it already has provided documents through the discovery process and continues to provide discovery materials in line with the Court's orders.  To the extent the allegations in Paragraph 40 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 40 are inconsistent with the document, TD Bank denies those allegations.  TD Bank also denies that Plaintiffs would be entitled to further amend their complaint.  TD Bank otherwise denies the allegations in Paragraph 40.

41.     To the extent the allegations in Paragraph 41 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 41 are inconsistent with the document, TD Bank denies those allegations.

42.     To the extent the allegations in Paragraph 42 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 42 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  TD Bank further objects to the allegations in Paragraph 42 to the extent they purport to advance a theory Judge Bumb already rejected as a matter of law.  *See* Dkt. 31 at 11 ("Plaintiff's argument that the Agreement calls for the automatic graduation of any account that has been maintained for seven consecutive default-free months would require the Court to 'read a promise into the contract that is not there.'").  To the extent Paragraph 42 alleges

that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  TD Bank otherwise denies the allegations in Paragraph 42.

43.     To the extent the allegations in Paragraph 43 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 43 are inconsistent with the document, TD Bank denies those allegations.

44.     To the extent the allegations in Paragraph 44 purport to characterize, quote from, or summarize a document or documents, TD Bank states that the document or documents speak for themselves.  To the extent that the allegations in Paragraph 44 are inconsistent with the document or documents, TD Bank denies those allegations.  To the extent Paragraph 44 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  To the extent Paragraph 44 alleges that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the

TD Cash Secured Card without a default.  TD Bank otherwise denies the allegations in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 45 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  To the extent Paragraph 45 alleges that the TD Cash Secured Card cardmember agreement fails to disclose that TD Bank considers several criteria when determining graduation eligibility, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  To the extent Paragraph 45 alleges that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  TD Bank otherwise denies the allegations in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 46 are inconsistent with the document, TD Bank denies those allegations.  Further, to the extent Paragraph 46 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after

seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.

47.     To the extent the allegations in Paragraph 47 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 47 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  Further, to the extent Paragraph 47 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  To the extent Paragraph 47 alleges that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  TD Bank otherwise denies the allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 48 are inconsistent with the document, TD Bank denies those allegations.  To the extent Paragraph 48 alleges that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months'

maintenance and use of the TD Cash Secured Card without a default.  TD Bank otherwise denies the allegations in Paragraph 48.

49.     To the extent the allegations in Paragraph 49 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 49 are inconsistent with the document, TD Bank denies those allegations.  To the extent Paragraph 49 alleges that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, and thus to receive a prorated refund of the annual fee, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  TD Bank otherwise denies the allegations in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 50 are inconsistent with the document, TD Bank denies those allegations.  Further, to the extent Paragraph 50 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  To the extent Paragraph 50 alleges that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of

seven months' maintenance and use of the TD Cash Secured Card without a default. TD Bank otherwise denies the allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 purport to characterize, quote from, or summarize a document or documents, TD Bank states that the documents speak for themselves. To the extent that the allegations in Paragraph 51 are inconsistent with the documents or contain conclusions of law, TD Bank denies those allegations. Further, to the extent Paragraph 51 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation. Dkt. 31 at 11. To the extent Paragraph 51 alleges that no TD Cash Secured Card customers are eligible to graduate after maintaining their accounts default-free for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default. TD Bank otherwise denies the allegations in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself. To the extent that the allegations in Paragraph 52 are inconsistent with the document, TD Bank denies those allegations. Further, to the extent Paragraph 52 alleges that the TD Cash Secured Card cardmember agreement fails to disclose that TD Bank considers several criteria when determining graduation eligibility, TD Bank denies this allegation and notes that Judge Bumb

found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank otherwise denies the allegations in Paragraph 52.

53.     To the extent the allegations in Paragraph 53 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 53 are inconsistent with the document, TD Bank denies those allegations.  The final sentence of Paragraph 53 contains conclusions of law to which no response is required.  TD Bank otherwise denies the allegations in Paragraph 53.

54.     To the extent the allegations in Paragraph 54 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 54 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  Further, to the extent Paragraph 54 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank otherwise denies the allegations in Paragraph 54.

55.     To the extent the allegations in Paragraph 55 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 55 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  Further, to the extent Paragraph 55 alleges that the TD Cash

Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank otherwise denies the allegations in Paragraph 55.

56.     To the extent the allegations in Paragraph 56 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 56 are inconsistent with the document, TD Bank denies those allegations.  Paragraph 56 also contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 56.

57.     Paragraph 57 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 57.

58.     Paragraph 58 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 58.

59.     Paragraph 59 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 60 are inconsistent with the document, TD Bank denies those allegations.  The second sentence of Paragraph 60 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 60.

61.     Paragraph 61 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 61.

62.     Paragraph 62 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 63 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.  Paragraph 63 also contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies those allegations.  TD Bank otherwise denies the allegations in Paragraph 63.

## A.     <u>Natalie Campagna</u>

64.     Paragraph 64 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65.     Paragraph 65 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66.     Paragraph 66 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies them.

67.     Paragraph 67 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68.     TD Bank admits that Ms. Campagna has a TD Cash Secured Card.  Paragraph 68 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent the allegations in Paragraph 68 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 68 are inconsistent with the document or contain conclusions of law, TD Bank denies those allegations.

69.     TD Bank admits that Ms. Campagna deposited $2,000 into a TD Simple Savings account on August 8, 2019 as collateral for the TD Cash Secured Card.

70.     TD Bank admits that Ms. Campagna began using the TD Cash Secured Card in August 2019.

71.     TD Bank admits that Ms. Campagna was assessed a $29 annual fee on September 13, 2019 for the TD Cash Secured Card.

72.     The allegations in Paragraph 72 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies that Ms. Campagna used her account without default for seven consecutive billing cycles after opening the account.

73.     TD Bank admits that Ms. Campagna spoke with a TD Bank customer service representative in March 2020 about graduating to an unsecured credit card from the TD Cash Secured Card.

74.     TD Bank admits that Ms. Campagna spoke with a TD Bank customer service representative in March 2020 about the TD Cash Secured Card, and the representative told Ms. Campagna that she was not eligible to graduate to an unsecured card at that time.

75.     TD Bank denies the allegations in Paragraph 75.

76.     TD Bank denies the allegations in Paragraph 76.

77.     TD Bank admits that, as of the date of the filing of this Answer, Ms. Campagna has not received either a prorated fee refund or return of her deposit.  TD Bank otherwise denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 78.

**B.      Gloria DeVault**

79.     Paragraph 79 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.     Paragraph 80 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81.     TD Bank admits that Ms. DeVault opened a TD Cash Secured Card account in October 2018.  The remaining allegations in Paragraph 81 are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and therefore denies them.  To the extent the allegations in Paragraph 81 contain conclusions of law, no response is required.

82.     TD Bank admits that Ms. DeVault did not default in the seven months following the opening of her account.  TD Bank further admits that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in December 2019.  The remaining allegations in Paragraph 82 contain conclusions of law to which no response is

required.  To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 82.

83.     TD Bank admits that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in December 2019, and the representative told Ms. DeVault that she was not eligible to graduate to an unsecured card at that time.  TD Bank denies the remaining allegations in Paragraph 83.

84.     TD Bank admits that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in December 2019.  TD Bank denies the remaining allegations in Paragraph 84.

85.     TD Bank admits that Ms. DeVault was assessed an annual fee for her TD Cash Secured Card on November 25, 2019, that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in October 2020, and that Ms. DeVault has not defaulted on her account as of her January 2022 billing cycle.  The remaining allegations in Paragraph 85 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 85.

86.     TD Bank admits that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in October 2020.  TD Bank denies the remaining allegations in Paragraph 86.

87.     TD Bank admits that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in October 2020.  TD Bank denies the remaining allegations in Paragraph 87.

88.     TD Bank admits that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in October 2020.  TD Bank denies the remaining allegations in Paragraph 88.

89.     TD Bank admits that Ms. DeVault spoke with a TD Bank customer service representative about the TD Cash Secured Card in October 2020.  TD Bank denies the remaining allegations in Paragraph 89.

90.     TD Bank admits that, as of Ms. DeVault's January 2022 billing cycle, Ms. DeVault had not defaulted on her account.  TD Bank also admits that it assessed an annual fee for her TD Cash Secured Card on November 25, 2020 and on November 24, 2021.  The allegations in Paragraph 90 otherwise contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 90.

91.     TD Bank admits that, as of the date of the filing of this Answer, Ms. DeVault had not graduated from her TD Cash Secured Card to an unsecured card.

**C.     Amanda Farmer**

92.     Paragraph 92 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them.

93.     TD Bank admits that Ms. Farmer opened her TD Cash Secured Card in 2018. The remaining allegations in Paragraph 93 are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and therefore denies them.  To the extent the allegations in Paragraph 93 contain conclusions of law, no response is required.

94.     TD Bank admits that Ms. Farmer was approved for a secured credit card and that she deposited $1,000 into a TD Bank Simple Savings account in March 2018.  TD Bank denies the remaining allegations in Paragraph 94.

95.     The allegations in Paragraph 95 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 95.  TD Bank also denies the allegations in Footnote 2.

96.     TD Bank admits that Ms. Farmer was assessed an annual fee of $29 for her TD Cash Secured Card.

97.     TD Bank admits that Ms. Farmer contacted TD Bank about graduating from the TD Cash Secured Card.

98.     TD Bank admits that customer service representatives told Ms. Farmer that she had not graduated.  The remaining allegations in Paragraph 98 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 98.

99.     TD Bank admits only that Ms. Farmer was assessed an annual fee of $29 on April 5, 2021.  The remaining allegations in Paragraph 99 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 99.

100.    TD Bank admits that Ms. Farmer graduated to an unsecured credit card in May 2021.

**D.      Philip Pagliaro**

101.    Paragraph 101 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies them.

22

102.    TD Bank admits that Mr. Pagliaro opened his TD Cash Secured Card in December 2016.  The remaining allegations in Paragraph 102 are not directed at TD Bank. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 and therefore denies them.  To the extent the allegations in Paragraph 102 contain conclusions of law, no response is required.

103.    TD Bank admits that Mr. Pagliaro deposited $500 into a TD Bank Simple Savings account, which served as collateral for his secured credit card.

104.    TD Bank admits that Mr. Pagliaro has maintained a secured credit card since 2016.

105.    TD Bank admits that it assesses Mr. Pagliaro an annual fee of $29 in December.

106.    TD Bank admits that Mr. Pagliaro has contacted TD Bank about graduating from the TD Cash Secured Card.

107.    TD Bank admits that, as of Mr. Pagliaro's January 2022 billing cycle, Mr. Pagliaro had maintained his secured credit card without default for a period of seven months. TD Bank further admits that customer service representatives told Mr. Pagliaro that he had not graduated.  The remaining allegations in Paragraph 107 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 107.

108.    TD Bank admits that Mr. Pagliaro has at times maintained his account without default.  TD Bank further admits that Mr. Pagliaro was assessed an annual fee of $29 on December 20, 2021.  The remaining allegations in Paragraph 108 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 108.

109.     The allegations in Paragraph 109 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank admits that Mr. Pagliaro maintained his account without default in 2021.  TD Bank also admits that, as of the date of the filing of this Answer, Mr. Pagliaro had not graduated from his TD Cash Secured Card to an unsecured card.

**E.     Yaakov Roziner**

110.     Paragraph 110 contains allegations that are not directed at TD Bank.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies them.

111.     TD Bank admits only that Mr. Roziner applied for a secured credit card in 2019. Paragraph 111 contains allegations that are not directed at TD Bank or conclusions of law to which no response is required.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies them.  TD Bank denies the remaining allegations of Paragraph 111.

112.     TD Bank admits that Mr. Roziner deposited $4,000 into a TD Bank Simple Savings account in 2019.

113.     The allegations in Paragraph 113 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank admits that Mr. Roziner maintained his account without default.

114.     TD Bank denies the allegations in Paragraph 114.

115.     TD Bank denies the allegations in Paragraph 115.

116.     TD Bank admits that Mr. Roziner contacted TD Bank in January 2021 about graduating to an unsecured credit card.

117. TD Bank admits that the customer service representative told Mr. Roziner that he made a late payment. TD Bank admits that Mr. Roziner had maintained his account without default.

118. TD Bank denies the allegations in Paragraph 118.

119. TD Bank admits that Mr. Roziner maintained his account without default. TD Bank further admits that Mr. Roziner was assessed annual fees. The remaining allegations in Paragraph 119 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 119.

120. The allegations in Paragraph 120 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank admits that Mr. Roziner maintained his account without default in 2021 but denies that Mr. Roziner never graduated to an unsecured card, as Mr. Roziner graduated to an unsecured card in January 2022.

F.    **Plaintiffs Are But a Few of Thousands of Victims**

121. The allegations in Paragraph 121 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations. TD Bank otherwise denies the allegations in Paragraph 121.

122. TD Bank admits that from May 1, 2015 through September 2021, TD Bank issued over 205,000 TD Cash Secured Cards and a substantial number of those TD Cash Secured Card customers graduated following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default. The allegations in Paragraph 122 contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies those allegations. TD Bank also denies the remaining allegations in Paragraph 122.

123.     TD Bank admits that some TD Cash Secured Card customers call TD Bank to inquire about graduation to an unsecured card.  The allegations in Paragraph 123 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies those allegations.  TD Bank also denies the remaining allegations in Paragraph 123.

124.     To the extent the allegations in Paragraph 124 purport to characterize, quote from, or summarize an online video, TD Bank states that the video speaks for itself.  To the extent that the allegations in Paragraph 124 are inconsistent with the video, TD Bank denies those allegations.

125.     TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies them.

126.     Paragraph 126 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 126.

127.     TD Bank denies the allegations in Paragraph 127.

128.     To the extent the allegations in Paragraph 128 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 128 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore denies them.

129.     To the extent the allegations in Paragraph 129 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 129 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies them.

130.     To the extent the allegations in Paragraph 130 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 130 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore denies them.

131.     To the extent the allegations in Paragraph 131 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 131 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore denies them.

132.     To the extent the allegations in Paragraph 132 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 132 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies them.

133.     To the extent the allegations in Paragraph 133 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 133 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore denies them.

134.     To the extent the allegations in Paragraph 134 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 134 are inconsistent with the website, TD Bank denies those allegations.

Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore denies them.

135.   To the extent the allegations in Paragraph 135 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 135 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore denies them.

136.   To the extent the allegations in Paragraph 136 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 136 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore denies them.

137.   To the extent the allegations in Paragraph 137 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 137 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore denies them.

138.   To the extent the allegations in Paragraph 138 purport to characterize, quote from, or summarize a website, TD Bank states that the website speaks for itself.  To the extent the allegations in Paragraph 138 are inconsistent with the website, TD Bank denies those allegations. Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore denies them.

139.     To the extent the allegations in Paragraph 139 purport to characterize, quote from, or summarize websites, TD Bank states that the websites speak for themselves.  To the extent the allegations in Paragraph 139 are inconsistent with the websites, TD Bank denies those allegations.  Further, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies them.

140.     To the extent Paragraph 140 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  To the extent the allegations in Paragraph 140 purport to characterize, quote from, or summarize a document, TD Bank states that the document speak for itself.  To the extent the allegations in Paragraph 140 are inconsistent with the document, TD Bank denies those allegations.  TD Bank otherwise denies the allegations in Paragraph 140.

141.     To the extent the allegations in Paragraph 141 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent the allegations in Paragraph 141 are inconsistent with the document, TD Bank denies those allegations.[1]

142.     To the extent the allegations in Paragraph 142 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent the allegations in Paragraph 142 are inconsistent with the document, TD Bank denies those allegations.

---

[1]     TD Bank notes that the website no longer exists at the link provided in Paragraph 141.

143.    To the extent the allegations in Paragraph 143 purport to characterize, quote from, or summarize a document or documents, TD Bank states that the document or documents speak for themselves.  To the extent the allegations in Paragraph 143 are inconsistent with the document or documents, TD Bank denies those allegations.

144.    To the extent the allegations in Paragraph 144 purport to characterize, quote from, or summarize a document or documents, TD Bank states that the document or documents speak for themselves.  To the extent the allegations in Paragraph 144 are inconsistent with the document or documents, TD Bank denies those allegations.

145.    Paragraph 145 contains legal conclusions to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 145.

146.    TD Bank denies the allegations in Paragraph 146.

## CLASS ACTION ALLEGATIONS

147.    TD Bank denies that this lawsuit satisfies the requirements of Federal Rule of Civil Procedure 23 and therefore denies the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 150.

151.     TD Bank admits that from May 1, 2015 through September 2021, TD Bank issued over 205,000 TD Cash Secured Cards and a substantial number of those TD Cash Secured Card customers graduated following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  The remaining allegations in Paragraph 151 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 151.

152.     The allegations in Paragraph 152 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 152.

153.     The allegations in Paragraph 153 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 153.

154.     The allegations in Paragraph 154 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 154.

155.     The allegations in Paragraph 155 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies that this lawsuit satisfies the requirements of Federal Rule of Civil Procedure 23 and therefore denies the allegations in Paragraph 155.

156.     The allegations in Paragraph 156 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 157.

158.    TD Bank admits that from May 1, 2015 through September 2021, TD Bank issued over 205,000 TD Cash Secured Cards and a substantial number of those TD Cash Secured Card customers graduated following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  TD Bank denies the remaining allegations in Paragraph 158.

## REQUESTS FOR RELIEF

### COUNT ONE
### Breach of Contract and Breach of the Covenant
### of Good Faith and Fair Dealing
### (On behalf of the National Class)

159.    For its answer to the allegations in Paragraph 159, TD Bank adopts by reference its statements in answer to the allegations that Paragraph 159 adopts by reference.

160.    TD Bank admits that it entered into contracts with Plaintiffs.  The remaining allegations in Paragraph 160 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the remaining allegations in Paragraph 160.

161.    Paragraph 161 contains conclusions of law to which no response is required.  To the extent the allegations in Paragraph 161 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 161 are inconsistent with the document, TD Bank denies those allegations.  To the extent Paragraph 161 alleges that the TD Cash Secured Card cardmember agreement promises graduation after using a card for seven billing cycles with no default, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee

that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank otherwise denies the allegations in Paragraph 161.

162.    Paragraph 162 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 162.

163.    Paragraph 163 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 163.

164.    To the extent the allegations in Paragraph 164 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 164 are inconsistent with the document, TD Bank denies those allegations.

165.    To the extent the allegations in Paragraph 165 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 165 are inconsistent with the document, TD Bank denies those allegations.  Further, the allegations in Paragraph 165 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 165.

166.    Paragraph 166 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 166.

167.    Paragraph 167 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 167.

168.    Paragraph 168 contains conclusions of law to which no response is required.  To the extent Paragraph 168 alleges that the TD Cash Secured Card cardmember agreement fails to

disclose that TD Bank considers several criteria when determining graduation eligibility, TD

Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement

does not "guarantee that Defendant will automatically graduate any account after seven

consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too

for graduation.  Dkt. 31 at 11.  TD Bank otherwise denies the allegations in Paragraph 168.

169.    Paragraph 169 contains conclusions of law to which no response is required.  To

the extent a response is required, TD Bank denies the allegations in Paragraph 169.

170.    Paragraph 170 contains conclusions of law to which no response is required.  To

the extent a response is required, TD Bank denies the allegations in Paragraph 170.

171.    Paragraph 171 contains conclusions of law to which no response is required.  To

the extent a response is required, TD Bank denies the allegations in Paragraph 171.

## <u>COUNT TWO</u>

### **Violation of Delaware's Consumer Fraud Act, 6 Del. C. §§ 2511-27**
### **(On behalf of the National Class)**

172.    For its answer to the allegations in Paragraph 172, TD Bank adopts by reference

its statements in answer to the allegations that Paragraph 172 adopts by reference.

173.    To the extent the allegations in Paragraph 173 purport to characterize, quote from,

or summarize a document, TD Bank states that the document speaks for itself.  To the extent that

the allegations in Paragraph 173 are inconsistent with the document, TD Bank denies those

allegations.

174.    Paragraph 174 contains conclusions of law to which no response is required.  To

the extent a response is required, TD Bank denies the allegations in Paragraph 174.

175.    Paragraph 175 contains conclusions of law to which no response is required.  To

the extent a response is required, TD Bank denies the allegations in Paragraph 175.

176.     To the extent the allegations in Paragraph 176 purport to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent that the allegations in Paragraph 176 are inconsistent with the document, TD Bank denies those allegations.  Paragraph 176 also contains conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in Paragraph 176.

177.     Paragraph 177 purports to quote from the Delaware Consumer Fraud Act, which speaks for itself and to which no response is required.

178.     Paragraph 178 contains conclusions of law to which no response is required.  To the extent the allegations in Paragraph 178 assert that no TD Cash Secured Card customers graduate after maintaining their accounts for seven billing cycles, TD Bank denies this allegation, and states that in fact a substantial number of TD Cash Secured Card customers graduate following the automated review upon completion of seven months' maintenance and use of the TD Cash Secured Card without a default.  To the extent Paragraph 178 alleges that the TD Cash Secured Card cardmember agreement fails to disclose that TD Bank considers several criteria when determining graduation eligibility, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank otherwise denies the allegations in Paragraph 178.

179.     Paragraph 179 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 179.

180.     Paragraph 180 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 180.

181.     Paragraph 181 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 181.

182.     Paragraph 182 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 182.

## COUNT THREE

**New York General Business Law, N.Y. Gen. Bus. Law § 349, *et seq.*
(On Behalf of the New York Plaintiffs and Subclass)**

183.     For its answer to the allegations in Paragraph 183, TD Bank adopts by reference its statements in answer to the allegations that Paragraph 183 adopts by reference.

184.     The first sentence of Paragraph 184 purports to quote from New York General Business Law, which speaks for itself and to which no response is required.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184 and therefore denies them.

185.     Paragraph 185 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 185.

186.     The first sentence of Paragraph 186 purports to characterize New York General Business Law, which speaks for itself and to which no response is required.  The remaining allegations of Paragraph 186 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 186.

187.     Paragraph 187 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 187.

188.     Paragraph 188 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 188.

189.     Paragraph 189 contains conclusions of law to which no response is required.  To the extent Paragraph 189 alleges that the TD Cash Secured Card cardmember agreement fails to disclose that TD Bank considers several criteria when determining graduation eligibility, TD Bank denies this allegation and notes that Judge Bumb found that the cardmember agreement does not "guarantee that Defendant will automatically graduate any account after seven consecutive default-free months," and "clearly implies" that TD Bank applies other criteria too for graduation.  Dkt. 31 at 11.  TD Bank otherwise denies the allegations in Paragraph 189.

190.     Paragraph 190 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 190.

191.     Paragraph 191 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 191.

192.     Paragraph 192 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 192.

193.     Paragraph 193 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 193.

194.     To the extent the last sentence in Paragraph 194 purports to characterize, quote from, or summarize a document, TD Bank states that the document speaks for itself.  To the extent the last sentence in Paragraph 194 is inconsistent with the document, TD Bank denies that allegation.  The remaining allegations in Paragraph 194 contain conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 194.

195.     Certain allegations in Paragraph 195 are not directed at TD Bank and do not state facts to which a response is required.  TD Bank otherwise denies the allegations in Paragraph 195.

196.     Paragraph 196 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 196.

197.     Paragraph 197 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 197.

## COUNT FOUR

**Violations of the New Jersey Consumer Fraud Act**
**(On behalf of the New Jersey Plaintiff and Subclass)**

198.     For its answer to the allegations in Paragraph 198, TD Bank adopts by reference its statements in answer to the allegations that Paragraph 198 adopts by reference.

199.     The first sentence of Paragraph 199 contains a conclusion of law to which no response is required.  To the extent a response is required, TD Bank denies it.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199 and therefore denies them.

200.     Paragraph 200 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 200.

201.     Paragraph 201 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 201.

202.     Paragraph 202 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 202.

203.     Paragraph 203 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 203.

204.     Paragraph 204 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 204.

205.     Paragraph 205 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 205.

206.     Paragraph 206 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 206.

## COUNT FIVE

### Violations of the Connecticut Unfair Trade Practices Act
### (On behalf of the Connecticut Plaintiff and Subclass)

207.     For its answer to the allegations in Paragraph 207, TD Bank adopts by reference its statements in answer to the allegations that Paragraph 207 adopts by reference.

208.     The first sentence of Paragraph 208 contains a conclusion of law to which no response is required.  To the extent a response is required, TD Bank denies it.  TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208 and therefore denies them.

209.     Paragraph 209 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 209.

210.     Paragraph 210 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 210.

211.     Paragraph 211 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 211.

212.     Paragraph 212 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 212.

213.    Paragraph 213 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 213.

214.    Paragraph 214 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 214.

215.    Paragraph 215 contains conclusions of law to which no response is required.  To the extent a response is required, TD Bank denies the allegations in Paragraph 215.

216.    To the extent any response is required to Plaintiffs' wherefore clauses, TD Bank denies each and every allegation contained therein and denies that Plaintiffs are entitled to the requested relief, including without limitation certifying the proposed classes.

## AFFIRMATIVE DEFENSES

TD Bank asserts the following affirmative defenses based on its current knowledge and information, reserving the right to withdraw any of these defenses or to assert additional defenses as further information becomes available, and without any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Second Amended Class Action Complaint:

### First Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred in whole or in part by their failure to mitigate any damages they may have suffered.

### Third Defense

Plaintiffs' damages, to the extent they suffered any, are the result of their own conduct and/or the conduct of third parties over whom TD Bank exercises no control.

### Fourth Defense

Plaintiffs' claims are barred in whole or in part by estoppel and/or waiver.

### Fifth Defense

Plaintiffs would be unjustly enriched if they were to recover monetary damages sought by the Second Amended Class Action Complaint.

### Sixth Defense

Even if not applicable to Plaintiffs, some or all of the defenses asserted above may be applicable to one or more of the putative class members whom Plaintiffs may seek to represent. In the event that any attempt is made to certify a class in this action, TD Bank reserves the right to identify and advance any further defenses that may apply to persons other than the named Plaintiffs.

### Seventh Defense

The proposed class action fails to meet the requirements of Federal Rule of Civil Procedure 23.

### Eighth Defense

TD Bank expressly reserves the right to raise additional affirmative defenses that it discovers are relevant to this case under the applicable law and facts.

### PRAYER

WHEREFORE, premises considered, Defendant TD Bank, N.A. prays that the Court dismiss Plaintiffs' claims with prejudice and for all other relief to which it may show itself to be justly entitled.

DATED this 14th day March, 2022.

Respectfully submitted,

*/s/ Susan M. Leming*
Susan M. Leming
Margaret M. Doyle
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ 08108
sleming@brownconnery.com
856-854-8900

Noah A. Levine (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
noah.levine@wilmerhale.com
212-230-8875

Attorneys for Defendant TD Bank, N.A.