UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

NATALIE CAMPAGNA, GLORIA DEVAULT, AMANDA FARMER, PHILIP PAGLIARO, and YAAKOV ROZINER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

TD BANK, N.A.,

    Defendant.

Case No. 1:20-cv-18533-KMW-SAK

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN

Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, and Approval of Notice Plan (the "Motion") came before this Court on July 25, 2022. The Court, having fully reviewed the Motion, the supporting Memorandum of Law and Joint Declaration of Plaintiffs' Counsel filed in support thereof, including the Settlement Agreement and Release (the "Agreement") and the Notice of Settlement (the "Notice"), and for good cause appearing, HEREBY ORDERS AS FOLLOWS:

1. The Court grants preliminary approval of the Parties' settlement (the "Settlement") based upon the terms set forth in the Agreement, which is attached as Exhibit 2 to the Joint Declaration of Plaintiffs' Counsel and is incorporated in full by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Settlement Class (defined below).

2. All capitalized terms defined in the Agreement shall have the same meaning when used in this Order.

3.  The Settlement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court. The Court notes that TD Bank, N.A. ("TD Bank" or "Defendant") has agreed to provide a Settlement Payment Amount of an aggregate of $2,250,000.00, which shall encompass all compensation to the Settlement Class, inclusive of any award of attorneys' fees, costs, and expenses to Class Counsel; the Service Awards to the named Plaintiffs for their respective contributions to prosecuting the Class's claims in this Action; and all Administrative Costs, estimated to be approximately $160,000.

4.  The Court finds and concludes that the Settlement is non-collusive and is the result of arms-length negotiations between the Parties after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.

5.  In accordance with the Agreement, the Court hereby certifies the following Settlement Class for purposes of this Settlement: "All current and former holders of a TD Bank, N.A. Cash Secured Credit Card (a) who opened their TD Cash Secured Credit Card after May 19, 2015 and before January 18, 2022, and (b) who, through the date of Preliminary Approval, (i) maintained their account for seven consecutive billing cycles without committing an act of default, and (ii) were not graduated to an unsecured TD Bank credit card in the cycle following that seven-month period." Excluded from the Settlement Class are TD Bank; TD Bank's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which TD Bank has or had a controlling interest. Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of her immediate family. Any persons that exclude

2

themselves from the Settlement in accordance with the provisions set forth in the Notice also shall be excluded. The Class Period is defined as the time between (and including) May 20, 2015 and January 17, 2022.

6. The Court hereby preliminarily finds and concludes, for the purposes of settlement only, that the Settlement Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3).

7. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings:

   a. The Settlement Class, which has approximately 123,000 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1).

   b. There are sufficient questions of fact and law that are common to the Settlement Class regarding the review by TD Bank of TD Cash Secured Credit Card holders for graduation to an unsecured TD Bank credit card, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

   c. For purposes of settlement only, Plaintiffs' claims are typical of the Settlement Class Member because they concern the same alleged TD Bank policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief, thereby satisfying the typicality requirement of Fed. R. Civ. P. 23(a)(3).

   d. Webb, Klase, & Lemond, LLC and Golomb Spirt Grunfeld, PC will fairly and adequately represent the Settlement Class and are appointed as Class Counsel.

   e. Named Plaintiffs Natalie Campagna, Gloria DeVault, Amanda Farmer, Philip Pagliaro, and Yaakov Roziner will fairly and adequately represent

3

the Class and are appointed as Class Representatives.

    f.    For purposes of settlement only, common questions of law and fact predominate over individualized issues, because Plaintiffs' claims arise from whether TD Bank is liable to Settlement Class Members for failing to automatically graduate them to an unsecured TD Bank credit card after they maintained their accounts for seven consecutive billing cycles without committing an act of default.

    g.    The Court further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be exceeded by the cost of litigating on an individual basis.

8. The Court approves Epiq Systems, Inc. (hereinafter the "Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Agreement.

9. The Court directs that Epiq Systems, Inc. act as the Escrow Agent.

10. The Court finds that the proposed Notice comports with Fed. R. Civ. P. 23 and all constitutional requirements, including those of due process. Non-material modifications to the form and content of the Notice may be made without further order of the Court.

11. The Court further finds that the Notice adequately advises the Settlement Class about the class action; the terms of the proposed Settlement, the benefits to each Settlement Class Member, and the proposed fees, costs, and expenses to Class Counsel; each Settlement Class Member's right to object or opt out of the Settlement, and the timing and procedures for doing so; Preliminary Approval by the Court of the proposed Settlement; and the date of the Final Approval Hearing as well as the rights of Settlement Class Members to file documentation in support of or in opposition to, and appear in connection with, said hearing.

12.     The Court further finds, as specifically described in the Agreement, that the sending of the E-Mail Notice to all Settlement Class Members for whom TD Bank has provided the Settlement Administrator with an e-mail address; the mailing of the Mail Notice to all Settlement Class Members to their last known address for whom TD Bank has not provided an e-mail address, with updates from the National Change of Address database; and the maintenance of a Settlement Website containing the Second Amended Complaint, the Agreement, the Long-Form Notice, the Preliminary Approval Order, and any other documents that Class Counsel and TD Bank agree to post or that the Court orders posted, until sixty (60) calendar days after distribution of the Net Settlement Fund to Settlement Class Members has been completed, constitute reasonable notice to Settlement Class Members of their rights with respect to the class action and proposed Settlement.

13.     Within sixty (60) calendar days of the Court's preliminary approval of the Settlement, TD Bank will provide the Settlement Administrator with the following information for each Settlement Class Member: (1) name; (2) last known e-mail address, if available; and (3) last known mailing address.

14.     Within thirty (30) calendar days of receiving the names, last known mailing addresses, and last known e-mail addresses, if available, of identifiable Settlement Class Members from TD Bank, the Settlement Administrator shall send the Notice to Settlement Class Members in the manner specified in the Agreement.

15.     The Court orders that any request for exclusion from the Settlement must, in order to be timely and valid, be postmarked no later than sixty (60) days after the Notice Deadline; include the Settlement Class Member's name, address, e-mail address, telephone number, and last four digits of his or her TD Cash Secured Credit Card account number(s); state that the Settlement Class Member wants to be excluded from the Settlement in *Campagna v. TD Bank,*

5

*N.A.*, Case No. 1:20-cv-18533-KMW-SAK (D.N.J.), and that the Settlement Class Member understands that he or she will receive no money from the Settlement; identify his or her counsel, if represented; and must be personally signed and dated by the Settlement Class Member.

16. If more than 2% of the total number of Settlement Class Members submit timely and valid opt-out requests, TD Bank shall have the option to void the Settlement. To exercise this option, TD Bank's counsel must send written notification to Class Counsel within fourteen (14) calendar days of TD Bank's receipt of the last timely opt-out statement.

17. Any Participating Settlement Class Member who does not timely and validly request exclusion from the Settlement may object to the Settlement by filing an objection with the Court with copy to Class Counsel and TD Bank's counsel. Any objection must (1) state the objector's full name, address, e-mail address, and telephone number; (2) include the case name and case number of this Action (*Campagna v. TD Bank, N.A.*, Case No. 1:20-cv-18533-KMW-SAK (D.N.J.)); (3) include an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) include a statement with specificity of all grounds for the objection, accompanied by any legal support for the objection; (5) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (6) state the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (7) state the identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (8) provide a list of all other class action settlements to which the

objector's counsel or counsel's law firm filed an objection within the five (5) years preceding the date that the objector or their counsel files the objection; (9) provide a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (10) state whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and (11) include the objector's signature (an attorney's signature is not sufficient). To be timely, the objection must be postmarked no later than sixty (60) days after the Notice Deadline. Any Participating Settlement Class Member who does not timely submit such a written objection will not be permitted to raise such objection, except for good cause shown, and any Participating Settlement Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such objection.

18. Plaintiffs and Class Counsel shall file their motion for their application for attorneys' fees, costs, and expenses, and for Service Awards for Plaintiffs, no later than thirty (30) days after the Notice Deadline.

19. The Final Approval Hearing shall be held before this Court on February 23, 2023 at 11:00 a.m., at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Courtroom 4(a), Camden, NJ 08101, to consider the fairness, adequacy, and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and for Service Awards for the Class Representatives.

20. Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement no later than seven (7) days before the Final Approval Hearing.

21. Any party to this case, including any Participating Settlement Class Member, may be heard in person or by counsel, in support of, or in opposition to, the Court's

7

determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested Service Awards for the Class Representatives, and any order of Final Approval and judgment regarding such settlement, fees, costs, and payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

22. The Court orders that if for any reason the Court does not execute and file an order of Final Approval and judgment, or if such a Final Approval order is reversed, the Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Agreement.

23. The Agreement shall not be construed as an admission or evidence of liability.

24. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Agreement are stayed.

25. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members.

IT IS SO ORDERED.

Dated: August 29 2022

Hon. Karen M. Williams
United States District Judge