UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| NATALIE CAMPAGNA, GLORIA DEVAULT, AMANDA FARMER, PHILIP PAGLIARO, and YAAKOV ROZINER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:20-cv-18533-KMW-SAK |

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the unopposed (1) motion for final approval of class action settlement (ECF No. 76) and (2) motion for attorneys' fees, expenses, and service awards (ECF No. 75), both filed by Plaintiffs and Class Counsel. The Court has reviewed all of the filings and evidence related to the settlement agreement and release (the "Settlement") (ECF No. 71-2) and received comprehensive briefing and declarations. Having considered the written submissions, and after oral argument at a hearing on February 23, 2023, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment be entered as follows:

### Jurisdiction

1.     This Court has jurisdiction over the subject matter and the Parties, as well as the Settlement Class members. Venue is also proper in this District.

### Background

2.     Defendant TD Bank, N.A. ("TD Bank") offers a TD Cash Secured Credit Card to its customers.

3.     Plaintiffs are former and current holders of the TD Cash Secured Credit Card who allege TD Bank breached the operative cardholder contract, breached the covenant of good faith and fair dealing, and violated various state consumer protection statutes by failing to timely graduate cardholders who did not commit an act of default for seven consecutive billing cycles.

4.     Plaintiffs sought to recover monetary damages from TD Bank for its allegedly improper business practices associated with the TD Cash Secured Credit Card program. TD Bank denies Plaintiffs' allegations or that it did anything wrong.

5.     On December 8, 2020, Plaintiffs Natalie Campagna and Gloria DeVault, on behalf of themselves and others similarly situated, commenced this action in the United States District Court for the District of New Jersey.[1]  TD Bank filed a motion to dismiss on January 19, 2021 (ECF No. 9).

6.     On January 22, 2021, Plaintiffs filed an Amended Complaint that, *inter alia*, added Amanda Farmer, Philip Pagliaro, and Yaakov Roziner as named Plaintiffs and added causes of action (ECF No. 10).  In response, TD Bank filed a supplement to its motion to dismiss (ECF No. 20).

7.     On August 18, 2021, this Court issued a written Opinion (ECF No. 31) and entered an Order (ECF No. 32) denying TD Bank's motion to dismiss but rejecting one of Plaintiffs' theories of liability.

8.     On September 15, 2021, TD Bank filed an Answer to the Amended Complaint (ECF No. 36).

---

[1] Plaintiff Natalie Campagna filed her original complaint on April 3, 2020 in the Superior Court of Muscogee County, Georgia.  TD Bank removed that case to federal court and filed a motion to dismiss for lack of personal jurisdiction, which was granted on December 4, 2020.

9.      Thereafter, the Parties engaged in meaningful discovery. The Parties negotiated a confidentiality agreement and ESI protocol, served and responded to written discovery, and collected, produced, and reviewed documents responsive to the written discovery. The Parties also litigated discovery disputes before the Court.

10.     On February 14, 2022, Plaintiffs filed a Second Amended Complaint (ECF No. 64), which TD Bank answered on March 14, 2022 (ECF No. 65).

11.     On May 5, 2022, after the Parties had engaged in substantial discovery and reviewed detailed data concerning graduation of TD Cash Secured Credit Card accounts, they participated in mediation with Magistrate Judge Joel B. Rosen (ret.) of Montgomery McCracken Walker & Rhoads LLP. That mediation succeeded, with the Parties reaching an agreement in principle to resolve this matter on a class-wide basis.

12.     The terms were subsequently reduced to a settlement agreement and release, for which the Parties sought preliminary approval.

13.     On August 29, 2022, the Court issued preliminary approval of the proposed Settlement and instructed that notice of the Settlement be distributed to Settlement Class members (ECF No. 72).

14.     Notice was thereafter distributed to the 124,465 Settlement Class members in accordance with the Preliminary Approval Order and the Settlement.

15.     Plaintiffs and Class Counsel filed their motion for final approval of class action settlement (ECF No. 76) on February 16, 2023, and their motion for attorneys' fees, expenses, and service awards (ECF No. 75) on December 28, 2022. No objections to the Settlement or to either of the motions were filed before the January 27, 2023 deadline set by the Court.

## Settlement Terms

16.    Pursuant to the Settlement, TD Bank will pay $2,250,000 to establish a fund which will provide cash benefits to the Settlement Class members and also cover attorneys' fees and expenses, service awards, and notice and administration costs.  All of the 124,465 Settlement Class members who have not opted out are eligible to receive a cash payment under the Settlement.

17.    The amount of each Settlement Class member's payment will be calculated pursuant to the allocation method set forth in Paragraph 88 of the Settlement.

18.    In conjunction with the Settlement, the Class will release TD Bank from all claims that were or could have been raised in this litigation, as set forth in Section XV of the Settlement.

19.    After this action was filed, TD Bank changed its "Personal Credit Card Agreement – TD Cash Secured" to amend the graduation provision at issue in Plaintiffs' complaints.

## Class Notice

20.    Based on the declarations of Elizabeth Enlund of Epiq Systems, Inc. (the appointed Settlement Administrator) (ECF No. 75, Exh. 2 and ECF No. 76, Exh. 1), the Court finds that that the Settlement Class members have been individually notified of the Settlement pursuant to the plan approved and directed by the Court's Preliminary Approval Order, with more than 99% of these notices being successfully delivered.  The Court further finds that the notice program constituted the best practicable notice of the Settlement to the Settlement Class under the circumstances and fully satisfies the requirements of due process, including Fed. R.

Civ. P. 23(e)(1), Fed. R. Civ. P. 23(c)(2)(B), and 28 U.S.C. § 1715. Accordingly, the Court has jurisdiction over all Settlement Class members for purposes of the Settlement.

## Merit of Settlement

21. The Court has reviewed the terms of the Settlement and noted the lack of any objections from Settlement Class members. After consideration of all of the criteria set forth in Fed. R. Civ. P. 23(e)(2), as well as those set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), the Court finds that the Settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the Settlement Class. The Court specifically finds:

(a). The appointed Class Representatives have provided outstanding representation of the Class, and treatment of this litigation as a class action for settlement purposes; the Settlement Class, as defined below, is appropriate, proper, and satisfies the criteria set forth in Federal Rule of Civil Procedure 23(e);

(b). There has been extensive discovery conducted in this litigation, and the Parties and their counsel were thus well-informed about the relative strengths and weaknesses of their positions and well-positioned to determine the reasonableness of the Settlement;

(c). The terms of the Settlement provide substantial, direct, and prompt cash payments to the Settlement Class via a methodology that is simple and straightforward;

(d). Class Counsel have zealously represented the Class, are experienced practitioners with significant experience in class action litigation, and have recommended approval of the Settlement;

(e). The future expense and likely duration of the litigation, its uncertainty of outcome, and the range of recovery if the litigation were to proceed support approval of the

5

Settlement;

(f). The risks of establishing liability, establishing damages, and maintaining the class action through the trial were great;

(g). Nothing indicates an absence of good faith or independence by Plaintiffs, Class Counsel, or TD Bank in negotiating the Settlement and indeed the Settlement was reached without collusion or fraud and at arm's length with the assistance of an experienced mediator;

(h). No Settlement Class member has objected to the Settlement;

(i). The Settlement treats Settlement Class members equitably relative to each other; and

(j). The settlement fund is well within the range of reasonableness in light of the best possible recovery.

22. The Court thus hereby finally approves in all respects the Settlement and finds that the Settlement's terms for allocating and distributing the settlement fund are in all respects fair, reasonable, and adequate, and are in the best interests of the Settlement Class.

### Certification of Class

23. The Court reaffirms its prior certification of the Settlement Class, consisting of:

> All current and former holders of a TD Bank, N.A. Cash Secured Credit Card (a) who opened their TD Cash Secured Credit Card after May 19, 2015 and before January 18, 2022, and (b) who, through the date of Preliminary Approval, (i) maintained their account for seven consecutive billing cycles without committing an act of default, and (ii) were not graduated to an unsecured TD Bank credit card in the cycle following that seven-month period.

24. Excluded from the Settlement Class are TD Bank, TD Bank's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which TD has or had a controlling interest. Also excluded from the Settlement Class are federal, state, and local governments and

6

all agencies and subdivisions thereunder; and any judge to whom this action is or has been assigned and any member of her immediate family. Finally, those Settlement Class members who properly excluded themselves from the Settlement Class are also excluded. A list of those who properly excluded themselves is attached as Exhibit A.

25.     The Court reaffirms that the Settlement Class meets all the requirements of Federal Rule of Procedure Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; for purposes of settlement only, that the claims of the Class Representatives are typical of absent Settlement Class members; that the Class Representatives and Class Counsel have and will fairly and adequately protect the interests of the Class; for purposes of settlement only, that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

26.     Plaintiffs Natalie Campagna, Gloria DeVault, Amanda Farmer, Philip Pagliaro, and Yaakov Roziner have adequately represented the Settlement Class and are appointed as Class Representatives.

27.     Golomb Spirt Grunfeld, P.C. and Webb, Klase & Lemond, LLC have adequately represented the Settlement Class and are appointed as Class Counsel.

## ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

28.     <u>Attorneys' Fees</u>: The Court hereby grants to Class Counsel a fee in the amount of $750,000.00, which the Court finds to be fully supported by the facts, record, and applicable law. This amount shall be paid from the settlement fund.

29.     The Court finds that TD Bank's agreement not to oppose Class Counsel's request for attorneys' fees and for reimbursement of costs and expenses was not negotiated while they

were negotiating the other terms of the Settlement and that the agreement was not the product of collusion or fraud. The amount of attorneys' fees to be paid was negotiated only after the other terms of the Settlement had been agreed upon. The agreed-upon fee is warranted as it is reasonable under the applicable facts and law.

30.    The requested fee is justified under the percentage-of-the-recovery method, which the Third Circuit has recommended be applied to common fund cases such as this matter. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 329 (3d Cir. 2011) (*en banc*); *Beltran v. SOS Ltd.*, 2023 WL 319895, at *7-8 (D.N.J. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 316294 (D.N.J. Jan. 19, 2023).

31.    The fee represents one-third (33.33%) of the $2,250,000 in cash made available to the Settlement Class, which the Court finds to be reasonable and consistent with awards in similar cases in this Circuit. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004) (finding an approximately 33% fee award of a $44.5 million settlement fund to be reasonable when compared with recovery percentages in other class actions); *Hall v. AT&T Mobility LLC*, 2010 WL 4053547, at *22 (D.N.J. Oct. 13, 2010) (multiple factors, including "the fact that several courts in similar matters have awarded fees in this amount" warranted approval of one-third fee).

32.    In approving the requested fee, the Court has carefully considered the factors listed in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 339 (3d Cir. 1998), namely:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

and

(1) the value of benefits accruing to class members attributable to the efforts of class counsel as opposed to the efforts of other groups, such as government agencies conducting investigations, (2) the percentage fee that would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained, and (3) any "innovative" terms of settlement,

*See In re AT&T Corp.*, 455 F.3d 160, 165-66 (3d Cir. 2006) (citing the *Gunter* and *Prudential* factors). The record shows that these directly support the requested fee.

33. <u>Expenses.</u> The Court hereby grants to Class Counsel the requested reimbursement of $13,526.93 in litigation expenses they have incurred during the prosecution of this case. This expense award is fully supported by the Settlement, the facts, the record, and the applicable law. *E.g., Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970); *Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004).

34. <u>Service Awards.</u> The Settlement allows Class Counsel to request a service award to the original Plaintiff, Natalie Campagna, of up to $7,500 and service awards to each of the four remaining Plaintiffs of up to $5,000 each for their service. Courts often grant service awards "to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *In re Philips/Magnavox Television Litig.*, 2012 WL 1677244, at *20 (D.N.J. May 14, 2012); *McLennan v. LG Elecs. USA, Inc.*, 2012 WL 686020, at *1 (D.N.J. Mar. 2, 2012). The Court finds that payment of these service awards is warranted and approved in this case in light of the Class Representatives' substantial work on behalf of the Settlement Class and the risks they took in bringing suit.

35. The awarded fees and expenses shall be paid to Class Counsel and the service awards shall be paid to the Class Representatives in accordance with the terms of the Settlement.

### Releases

36.    Pursuant to, and as more fully described in Section XV of the Settlement, as of the Effective Date of the Settlement Agreement, the releasing parties shall be deemed to have and, by operation of this final order and judgment shall have, fully and irrevocably released and forever discharged the released parties from the claims identified in paragraphs 103 and 104 of the Settlement.

### Cy Pres

37.    In the event that there are any residual funds in the Settlement Fund Account after the distributions required by Section XIII of the Agreement, such funds shall be distributed to Settlement Class members who have not opted out and who previously cashed their checks through a secondary, pro-rata distribution of the residual less the cost of the secondary distribution. If the residual amount less the cost of the secondary distribution is less than $5,000, the funds may be distributed to a *cy pres* program as agreed on by the Parties and submitted to the Court for approval in accordance with Section XIV of the Settlement.

### Dismissal and Final Judgment

38.    The Court hereby DISMISSES this action WITH PREJUDICE as against the named Plaintiffs, all Settlement Class members who have not opted out, and TD Bank, and the Parties are directed to take the necessary steps to effectuate the terms of the Settlement. The Parties shall bear their own costs except as provided by the Settlement.

39.    No Class Representative or Settlement Class member who has not opted out, either directly, representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been

released under the Settlement, and they are hereby permanently enjoined from so proceeding, including during the pendency of any appeal from this Final Approval Order.

40.     Pursuant to the Settlement, and there being no just reason for delay, the Court hereby ENTERS FINAL JUDGMENT, which the Clerk of Court is DIRECTED to immediately enter.

41.     Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement and of this final order and judgment, to protect and effectuate this final order and judgment, and for any other necessary purpose.   The Class Representatives, Defendant, and each Settlement Class member who has not opted out (including any objectors, though there are none) are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement, including the exhibits thereto, and only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this final order and judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.  Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties hereto are deemed to have irrecoverably waived and agreed not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

## Use of this Order

42.     That the Parties have reached a Settlement and participated in proceedings related to the Settlement should not be (a) offered or received as evidence of a presumption, concession,

11

or an admission by any party, (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, or wrongdoing; provided, however, that reference may be made to the Settlement as may be necessary to effectuate or enforce its provisions.

43.     In the event that the Settlement does not become effective according to its terms, this order and final judgment shall be rendered null and void as provided by the Settlement, shall be vacated, and all orders entered and releases delivered in connection with the Settlement shall be null and void to the extent provided by and in accordance with the Settlement.

## Conclusion

44.     For the reasons set forth herein, the Court hereby (a) GRANTS final approval of the Settlement; (b) AFFIRMS its prior certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (c) finds the notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) approves Class Counsel's requests for attorneys' fees of $750,000, expenses of $13,526.93, and service awards of $7,500 to Natalie Campagna and $5,000 each to the remaining Class Representatives; (e) DISMISSES this action WITH PREJUDICE as to all Parties and Settlement Class members who have not opted out; and (f) ENTERS FINAL JUDGMENT.  The Parties and the Settlement Administrator are directed to carry out the Settlement according to its terms.

**IT IS SO ORDERED**, this the 23rd day of February, 2023.

Hon. Karen M. Williams
United States District Judge

## Exhibit A

## List of Excluded Class Members

1. Derricka Irons
2. Caridad Josefina Robles Carvajal
3. Kendall Browne